## CYRUS G. HOWARD v. JOHN RITCHIE, *et al.*

1. LIMITATION OF ACTIONS; *Contract.* An action for breach of a contract not in writing may be brought at any time within three years after the breach.

2. ———— The fact that such breach of contract results in injury to specific personal property, does not reduce the time of limitation.

### *Error from Shawnee District Court.*

THIS case involves only a construction of the statute limiting the time for bringing civil actions, and for the purposes of the decision, and the grounds therefor, the facts are sufficiently stated in the opinion. The question was, whether the action arose *ex contractu,* or *ex delicto.* The district court held that it arose *ex delicto,* and was barred. The plaintiff. excepted, and brings the case here by petition in error.

*Martin, Burns & Case,* for plaintiff in error:

The 2d subdivision of § 18 of the civil code limits the time within which an action may be brought upon contract not in writing, express or implied, to three years. The 3d subdivision limits the time within which an action may be brought "for detaining or *injuring personal property,*" etc., to two years. The plaintiff set up in his petition and offered to prove a special contract, and a breach thereof, within three years prior to the bringing of his action; and while the breach resulted in injury to personal property, yet we insist that it is an action upon *contract,* and not an action sounding in tort. That the gist of this action is the breach of the contract, and not any resulting or collateral damage occasioned thereby, see Angell on Lim., §§ 137, 71, 72, 299; and 7 Penn. Stat., 31; and we further insist that the language, "an action for taking, detaining or injuring personal property," in said 3d subdivision, means a tortious taking, detaining or injuring, as distinguished from a breach of contract by carelessness, ignorance, or negligence; in other words, a taking or detaining for which trover would have been the proper remedy at common law, and an injuring for which trespass could have been maintained.

The opinion of the court was delivered by

BREWER, J.: The petition sets forth a contract for services; that the services were to be rendered with care and skill; that they were carelessly and negligently performed; that in consequence thereof the personal property of plaintiff was injured, and that the carelessness and negligence was the sole cause of the injury. The transaction is alleged to have happened more than two and less than three years before the commencement of this suit. The district court held that this action came within the provisions of the third clause of § 18 of the civil code, which limits to two years the bringing of actions "for taking, detaining or injuring personal property," and hence was barred. In this we think the learned judge erred. The action is one for breach of contract. The breach of the contract gives the right to relief. The injury to the property determines the amount of damages. The legitimate order of evidence under this petition would be, first, the contract, then the breach, and last the amount of damages. The fact that the breach of the contract resulted in injury to specific personal property would not reduce the time within which an action might be brought below that which a party would have in case of any other breach of contract. That time, if the contract be in writing, is *five* years, otherwise, *three*. The plaintiff's cause of action was not barred, and the judgment of the district court must be reversed.

All the Justices concurring.