FRECHETTE, Appellant, vs. RAVN, Respondent.

*February 24—March 14, 1911.*

Pleading: Answer: Demurrer: Action, tort or contract? Malpractice
by surgeon: Limitation.

1. An answer should be held good on demurrer if it states a defense
   to any cause of action which plaintiff has pleaded and on which
   he has a right to rely.
2. Thus, in an action against a surgeon for malpractice where the
   complaint by liberal construction might be held to state a cause
   of action on contract, but was clearly intended to state a cause
   of action in tort and contains the necessary averments for that
   purpose, and plaintiff has made no election of the cause of ac-
   tion upon which he will rely, the defendant may plead the stat-
   ute of limitations applicable to the action in tort, and the de-
   murrer to such an answer should be overruled.
3. The limitation prescribed in subd. 5, sec. 4222, Stats. (1898),—
   requiring notice to be served within one year as a condition
   precedent to maintenance of an action for injury to the per-
   son,—is applicable to an action in tort for malpractice by a
   surgeon. [Whether it applies when such an action is based on
   contract, not determined.]

APPEAL from a judgment of the circuit court for Lincoln
county: A. H. REID, Circuit Judge.  *Affirmed.*

This is an action for malpractice brought against the de-
fendant, who is a physician and surgeon.  On February 11,
1904, the plaintiff suffered injuries to his hands and right
wrist.  He applied to the defendant for medical and surgical
treatment, which resulted in the amputation of his right hand
at the wrist joint.  Several bones in his left hand were
broken and this injury was also treated by the defendant.
Plaintiff brings this action for malpractice to recover dam-
ages in the sum of $20,000, setting up two causes of action
in his complaint, (1) alleging negligent and unskilful treat-
ment which resulted in the unnecessary amputation of his
right hand, and (2) alleging that by reason of the negligent

and unskilful manner in which the defendant examined and administered to plaintiff's injuries the bones which were broken in his left hand were not set in place until eight days after the injury, as a result of which the fingers of said hand have become stiffened and the usefulness of the hand impaired, and that plaintiff has suffered great physical pain. The answer of the defendant is a general denial, and as a second defense to each of the two causes of action defendant alleges that he began his treatment of the plaintiff's injuries on the 11th of February, 1904, and that plaintiff left his care and treatment on February 25, 1904, and after that date received no further medical or surgical attention from him; that this action was commenced on February 4, 1910, and that no notice in writing as required by subd. 5, sec. 4222, Stats. (1898), has ever been served on said defendant. Plaintiff demurred to the second defense set out in defendant's answer, which demurrer was overruled. This appeal is taken from the order overruling plaintiff's demurrer.

For the appellant there was a brief by *Van Hecke & Fisher,* and oral argument by *John Van Hecke.*

For the respondent there was a brief by *Smart, Van Doren & Curtis,* and oral argument by *R. N. Van Doren.*

BARNES, J. The plaintiff has divided what is probably a single cause of action into two causes of action. No objection has been taken to the division, however, and we mention it lest the opinion should be construed as an approval of the method of pleading pursued. The wording of the two causes of action differs only in the recital of the character of the injuries, and both causes of action fall within the same category. For convenience in the subsequent discussion we will treat the complaint as though it contained but a single cause of action.

For the purposes of discussion in this case we will assume

without deciding that if the action is based on contract the one-year limitation contained in subd. 5 of sec. 4222, Stats. (1898), has no application to it. The action is plainly one to recover damages for injury to the person, and if it is in tort the one-year limitation referred to applies. The complaint states a good cause of action in tort, and it is apparent from the allegations therein found that the pleader intended to state a cause of action sounding in tort. It alleges that the defendant was employed to treat the plaintiff, but does not set forth what the contract duties of the defendant were in the premises and does not allege in terms that any contract obligation was breached. It does set forth that the defendant negligently and unskilfully examined the plaintiff and arrived at a wrong conclusion on such examination and negligently operated upon the plaintiff in an unskilful manner. Damages are asked for mental pain and suffering as well as for the injury to the hands and arms of the plaintiff. Such damages are hardly recoverable in an action on contract. *Walsh v. C., M. & St. P. R. Co.* 42 Wis. 23; *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342, 349, 11 N. W. 356, 911. By a liberal construction of the complaint there is enough in it by way of averment to state a cause of action on contract. But applying to it the test prescribed in *Boehrer v. Juergens & A. Co.* 133 Wis. 426, 429, 113 N. W. 655, it is quite clear that the pleader intended to state a cause of action in tort and not one on contract.

In this situation, should this court treat the action as one on contract and not one in tort? If not, then the order of the circuit court overruling the demurrer to the plea of the statute of limitations contained in the answer is correct. It was said in *Bieri v. Fonger,* 139 Wis. 150, 153, 120 N. W. 862, that: "If facts are stated constituting a good cause of action, though not the one the pleader intended, the pleading is good as against a general demurrer." This rule is followed in *Bruheim v. Stratton, ante,* p. 271, 129 N. W. 1092.

No attack is made on the complaint in this case by demurrer or otherwise. The defendant does not seek to sustain its answer against the plaintiff's demurrer by asserting that the complaint does not state a cause of action.

Conceding that the complaint contains facts sufficient to state a cause of action on contract, it also contains the necessary averments to set forth a cause of action in tort. The plaintiff has made no election as to which cause of action he will rely on, and this court cannot make any election for him on the present state of the record. For aught we know he may be able to prove that the statutory notice was given or that it was waived, and will elect to pursue his remedy in tort, wherein damages are recoverable which cannot be awarded on contract and wherein he may have execution against the body to collect any judgment he may recover. While the plaintiff for the purposes of his demurrer admits that the notice was not served, he is also insisting that no notice is necessary in either a contract or a tort action, and he would be permitted on the trial to prove that notice was given. The cause of action in tort has not been withdrawn and may never be withdrawn. So long as it confronts the defendant he has the right to checkmate it by pleading the statute of limitations applicable to it. It is not a question of there being a cause of action on contract stated, to which the statute does not apply, but of there being a cause of action in tort stated, to which it does apply. As a complaint is held good on demurrer if it states any cause of action, so an answer should be held good on demurrer if it states a defense to any cause of action which the plaintiff pleads and on which he has a right to rely. Unless we say to the plaintiff, "Your complaint states a cause of action on contract and you must not rely on the cause of action in tort stated therein," we should not deny to the defendant the right to defend against the tort action that is stated. It was lawyer-like and proper for the defendant's counsel to answer as they did and nothing has occurred to render that answer improper.

If the plaintiff considered it advisable to proceed on contract rather than in tort he should have amended his complaint. Then if the statute of limitations were pleaded and the plea was not a proper one the demurrer would be well taken. So long as the plaintiff chooses to present a pleading for which different things may be claimed on the trial the defendant has a right to present an answer that is pertinent and applicable to the different aspects in which the complaint may be viewed. If this court should sustain the demurrer to the answer and the plaintiff should insist on the trial on his right to proceed and recover in tort, the trial court might have as difficult a problem to work out as he would encounter if he were trying to determine "how old Ann was." The plaintiff cannot be permitted to maneuver the defendant out of a valid defense to the cause of action in tort until he lets go of such cause of action.

*By the Court.*—Judgment affirmed.