LOTTEN, Respondent, vs. O'BRIEN, Appellant.

*April 11—May 2, 1911.*

*Limitation of actions: Malpractice by surgeon: Estoppel: Waiver: Amendment of statute: Change in time limited: Effect.*

1. Service of the notice required by subd. 5, sec. 4222, Stats. (1898), was a condition precedent to the maintenance of a tort action against a surgeon for malpractice resulting in injury to the person.

2. After an action has become barred by the statute of limitations, subsequent acts of the defendant do not constitute estoppel or a waiver of the right to insist upon such statute.

3. Subd. 5, sec. 4222, Stats. (1898), requiring notice of an injury to the person to be served within one year, was amended by ch. 151, Laws of 1909, so as to make the time two years, "provided, that the provision herein requiring notice of two years shall not apply to any event causing damage which happened before the passage and publication of this act." *Held*, that under sec. 4976, Stats. (1898), the former limitation was continued in force as to acts occurring before the law of 1909 went into effect.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Spooner & Ellis* and *Nash & Nash,* and oral argument by *Willett Spooner.*

For the respondent there was a brief by *Hougen & Brady,* and oral argument by *A. L. Hougen.*

TIMLIN, J.   The complaint charged that on August 24, 1908, the plaintiff employed defendant as a physician and surgeon to set and heal the broken arm of plaintiff, and defendant on that day pretended to set said broken arm and continued thereafter to treat and care for the arm.   Defendant so negligently, carelessly, and unskilfully conducted himself in setting and attempting to treat said broken arm that the arm was not set at all.   The fractured portions of the bone were not brought together and did not unite, etc., to plaintiff's damage.

The action was commenced on November 13, 1909.   The answer averred the one-year statute of limitations in bar of the action.   Subd. 5, sec. 4222, Stats. (1898), as amended by ch. 307, Laws of 1899.   The jury by a special verdict found for the plaintiff and he had judgment for $1,265 damages. The injury to his arm was a simple fracture of the radius of the forearm at about the junction of the lower and middle third.   The defendant treated the plaintiff on August 24, 25, 27, and 29, September 2, 7, 16, and 26, 1908, but not after the latter date.   On October 3, 1908, the plaintiff consulted Dr. Knauf, who took an X-ray photograph of the broken arm, and on or about October 13, 1908, the plaintiff exhibited this photograph to the defendant and had some conversation concerning the arm.

From this we think it appears that the acts of negligence complained of took place not later than September 26, 1908. The negligent resetting took place prior to that time.   This is apparently the proximate cause of plaintiff's injury.   If there was negligence in treating the arm after negligently setting the bones, this latter negligence occurred not later than September 26th, when the treatments by defendant ceased. The mere fact that there was no discharge of the defendant on that date would not change this result.   The statute of limitations began to run when the cause of action accrued, and this accrued when the negligent acts were committed

without reference to the time of discharge. The real negligent act which caused the injury to plaintiff was the improper setting of the bones in his arm. The negligent omission to discover this occurred at such dates and times as the defendant undertook to examine, treat, and care for the disabled arm. This action is in tort, and the notice required by subd. 5, sec. 4222, Stats. (1898), was necessary. *Frechette v. Ravn,* 145 Wis. 589, 130 N. W. 453. The alleged acts of estoppel to insist on this statute or of waiver took place in October, 1909, and more than one year after the negligent act or event in question and after the statute had run, hence constitute neither estoppel nor waiver. Prior to the enactment of ch. 151, Laws of 1909, which was published May 19, 1909, notice was required to be given or an action commenced within one year, and this former law was in force when the injury here sought to be redressed was inflicted. Ch. 151, Laws of 1909, amended the former statute to read: " . . . two years . . . provided, that the provision herein requiring notice of two years shall not apply to any event causing damage which happened before the passage and publication of this act." It is contended that this left the act or event here in question without other limitation than the general six-years statute. But we believe that in such case sec. 4976, Stats. (1898), which applies to all statutes, steps in and applies a rule that, the limitation of one year having begun to run when the act of 1909 went into effect and the latter act providing a new period of limitation, the former limitation statute is continued in effect as to such former acts. This view results in reversal.

*By the Court.*—Judgment reversed, and the cause remanded with directions to dismiss the complaint.