136    Appellate Courts of Illinois.

Handtoffski v. Chicago Consolidated Traction Co., 192 Ill. App. 136.

## Frank Handtoffski, Appellee, v. Chicago Consolidated Traction Company, Appellant.

### Gen. No. 19,988.

1.   Carriers, § 478*—*what basis for measure of damages in action for breach of contract to carry passenger safely.* In an action of assumpsit against a carrier for breach of an implied contract to carry a passenger safely, the injury to the person is the basis for determining the measure of damages for the breach.

2.   Limitation of actions, § 12*—*what provision applicable to assumpsit for breach of contract to carry safely.* An action of assumpsit against a carrier for breach of an implied contract to carry a passenger safely falls within the provisions of section 15 of the Limitation Act (J. & A. ¶ 7210), and is not governed by section 14 of that Act (J. & A. ¶ 7209).

Appeal from the Superior Court of Cook county; the Hon. Charles A. McDonald, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed March 23, 1915. Rehearing denied April 8, 1915.

Weymouth Kirkland and Alfred B. Davis, for appellant; John R. Guilliams and Frank L. Kriete, of counsel.

Emery S. Walker and Julius Limbach, for appellee.

Mr. Justice Smith delivered the opinion of the court.

Appellee, plaintiff in the trial court and herein designated as plaintiff, recovered a judgment in the Superior Court against appellant, Chicago Consolidated Traction Company, defendant in the trial court and designated defendant herein, in the sum of ninety-two hundred dollars, in an action of assumpsit for damages for breach of contract to convey plaintiff

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

safely. To reverse the judgment this appeal is prosecuted.

The action as originally brought was in case against the receivers of the defendant. On September 23, 1910, more than two years after the injury occurred, as shown by the evidence, on motion of the plaintiff it was ordered that the form of action be changed from case to assumpsit, and an amended declaration in assumpsit was thereafter filed, consisting of three counts against Sampsell, receiver, and the Traction Company as defendants. June 18, 1913, the suit was dismissed as to the receiver and all papers and files in the case were amended accordingly, thus leaving appellant the sole defendant. No point is made as to the regularity of these amendment proceedings, and hence it is unnecessary to state them with more particularity.

Defendant filed a plea of the general issue of not guilty, also a plea of nonassumpsit and a plea of the Two-Year Statute of Limitations.

A general demurrer was interposed by plaintiff to defendant's plea of the statute of limitations which was sustained by the court on April 12, 1911. Later, on June 2, 1913, the demurrer was again called up for argument and was again sustained by the court, and the defendant elected to stand by its plea.

The trial of the cause resulted in a verdict for the plaintiff, assessing plaintiff's damages at ninety-two hundred dollars, and a judgment thereon.

On this appeal no question is raised as to defendant's liability if the cause of action is not barred by the statute of limitations, or as to the amount of damages. The only point here urged by defendant is that the cause of action set forth in the amended declaration is barred by the Two-Year Statute of Limitations. Upon this question it is contended that the action falls within section 14 of the Limitation Act (J. & A. ¶ 7209) and is barred in two years, and that section 15 of the Act (J. & A. ¶ 7210) does not apply. It is contended

that section 14 includes within the scope of its language any action at law for damages for injury to the person; and that this provision applies whether it operates either as an exception to section 15 with reference to actions on implied contracts, or cuts down or narrows the meaning of the term "implied contracts" as used in section 15, so as to exclude from the purview of the latter section actions of assumpsit on the implied contract of carriage for damages for injury to the person.

This action is assumpsit for a breach of an implied contract to carry the plaintiff safely. It is not an action to recover damages for injury to the person, for the tort is waived. The injury to the person is the basis for determining the measure of damages for the breach of contract. *Howard v. Ritchie,* 9 Kan. 102.

In the above case Mr. Justice Brewer said: "The fact that the breach of the contract resulted in injury to the specific personal property would not reduce the time within which an action might be brought below that which a party would have in case of any other breach of contract."

In *Kansas Pac. Ry. Co. v. Kunkel,* 17 Kan. 145, the same learned Justice, speaking for the court, said: "The plaintiff has his election upon the same state of facts, whether to bring an action *ex contractu* or one *ex delicto.* Here the pleader alleges that the defendant was a common carrier, that it made a certain contract of carriage and received its pay therefor, and then alleges that defendant broke said contract and how it broke it. True, in showing how defendant broke the contract it discloses wrongful acts done by defendant; but still the manifest gist of the action is the breach of the contract, and the tortious acts are simply the manner of the breach. The case was tried in the district court upon the theory that it was an action *ex contractu,* and the first briefs of the learned counsel were prepared upon the same understanding; and this was correct."

In *Bates v. Bates Machine Co.*, 230 Ill. 619, the Court said (p. 622): "* * * and it is generally held in those States where, as in Illinois, the common law forms of action remain in use, that the statute does not fix the bar by the cause of action but by the form of the action. 19 Am. & Eng. Ency. of Law (2nd ed.) p. 268."

We think this action falls within the provisions of section 15, and it is not governed by section 14. The language of these sections is clear and explicit. We perceive no obscurity or contradiction in the provisions of the sections. There is no room for construction, and we need not discuss, therefore, whether or not the provision for actions for damages for injury to the person in section 14 constitutes or operates as an exception to section 15, or affects in any way the meaning of the terms used in section 15. We think the argument on behalf of defendant in support of such a theory is obviously untenable.

The trial court did not err in sustaining the plaintiff's demurrer to the defendant's plea of the statute of limitations. The judgment is affirmed.

*Affirmed.*