KLINGBEIL, Appellant, vs. SAUCERMAN, Executor, Appellant.

*December 7, 1916—January 16, 1917.*

*Limitation of actions: "Injury to person:" Malpractice by physician: Condition precedent to action: Notice of injury, etc.: Form of action immaterial.*

1. Service of the notice provided for in sub. (5), sec. 4222, Stats., is a condition precedent to the maintenance of any "action to recover damages for an injury to the person," irrespective of the form of the action.
2. Whether it be in tort or on contract an action against a physician for malpractice whereby bodily injuries were inflicted is an "action to recover damages for an injury to the person" within the meaning of sub. (5), sec. 4222, Stats.

APPEAL from an order of the circuit court for Green county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Action for malpractice against the executor of the estate of Dr. Loofbourow based upon the breach of an implied contract on the part of the deceased to exercise proper skill and care in treating plaintiff's broken leg. The answer pleaded in bar the failure of plaintiff to give the notice provided for by sub. (5), sec. 4222, Stats. 1913, to which plea the plaintiff demurred. The court overruled the demurrer and the plaintiff appealed.

For the appellant the cause was submitted on a brief signed by *Lehr & Kiefer,* attorneys, and *J. Elmer Lehr,* of counsel, all of Milwaukee.

*J. M. Becker* and *W. H. McGrath,* both of Monroe, for the respondent.

VINJE, J. This appeal raises the question whether the notice provided for by sub. (5), sec. 4222, Stats. 1913, must be given in order to maintain an action for malpractice based upon a breach of the implied contract on the part

of the physician to exercise proper skill and care in the treatment of plaintiff.   In *Frechette v. Ravn,* 145 Wis. 589, 130 N. W. 453, this court held that in such an action based upon tort the notice must be given, but expressly reserved the question here presented.   The *Frechette Case* was followed in *Lotten v. O'Brien,* 146 Wis. 258, 131 N. W. 361.   The part of the section in question reads as follows:

"No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation."

It is to be noticed that the clause in question, though in the nature of a statute of limitations, differs therefrom in that it requires a preliminary notice to be served within a specified time instead of fixing the time within which an action shall be begun (*Arp v. Allis-Chalmers Co.* 130 Wis. 454, 110 N. W. 386; *Guile v. La Crosse G. & E. Co.* 145 Wis. 157, 130 N. W. 234) ; also that the notice must be served in every action for injuries to the person, irrespective of the form of such action.   It was stated in *Frechette v. Ravn, supra,* that an action in tort for malpractice was "plainly one to recover damages for injuries to the person."   Why?   Because defendant's conduct resulted in an injury to the person of plaintiff.   If it did so because of the tort, which consisted in a breach of duty created by law, it is difficult to see why it does not do so when the same identical conduct produces the same identical result, though the complaint charges the breach of a duty created by contract between the parties instead of the breach of a duty created by law.   Damages may flow from the breach of both duties, and likewise an injury

to the person may result from the breach of a contract as well as from a tort.   Where, as in malpractice, there is an option to sue in tort or on contract, each cause of action is grounded upon the same identical acts of the defendant, namely, his failure to exercise the proper skill or care, or both.   The very same conduct gives plaintiff his option as to remedies. Hence, if defendant's conduct, when sued in tort, gives rise to an action for injuries to the person, the very same conduct must give rise to the same kind of action when sued on contract.   The word "action" as used in the statute has reference to the subject matter or nature thereof, not to its form as a matter of remedial procedure.   Whether it be in tort or on contract it is an action to recover damages for injuries to the person and comes alike under the terms of the statute, since the phrase therein, "no action to recover damages for injuries to the person," refers to bodily injuries and not to injuries to feelings.   *Wysocki v. Wis. Lakes I. & C. Co.* 125 Wis. 638, 104 N. W. 707.

Cases cited to us from other jurisdictions holding that where statutes prescribe different limitations upon actions sounding in tort and upon those on contract each form of action will be governed by the limitation prescribed for that form, though both might arise from the same transaction and the one be barred and the other not, are clearly not applicable.   For in the instant case the service of notice is not made dependent upon the form of action but upon its nature or subject matter.   The words "action to recover damages for an injury to the person" mean an action brought on account of or by reason of bodily injuries inflicted upon a human being.   Here the complaint charges the infliction of bodily injuries upon plaintiff, and the fact that such infliction is alleged to constitute a breach of contract instead of a breach of legal duty makes it none the less an action for injuries to the person.   And if the action is in fact one for injury to the person, then the notice must be served no mat-

ter what form the action takes. As we have already pointed out, it is an action for injury to the person though based upon the breach of a contract, and the demurrer to the answer was properly overruled.

In the following cases the same result has been reached under somewhat similar statutory provisions: *Griffin v. Woodhead,* 30 R. I. 204, 74 Atl. 417; *Basler v. Sacramento E., G. & R. Co.* 166 Cal. 33, 134 Pac. 993; *Webber v. Herkimer & M. St. R. Co.* 109 N. Y. 311, 313, 16 N. E. 358; *Nord v. B. & M. R. Co.* 37 Iowa, 498; *Emmert v. Grill,* 39 Iowa, 690; *Sherman v. Western S. Co.* 22 Iowa, 556; *Blackwell v. Memphis St. R. Co.* 124 Tenn. 516, 137 S. W. 486. The contrary has been held in *Staley v. Jameson,* 46 Ind. 159; *Howard v. Ritchie,* 9 Kan. 102; and *Menefee v. Alexander,* 107 Ky. 279, 53 S. W. 653.

*By the Court.*—Order affirmed.