KRUEGER, Appellant, vs. V. P. CHRISTIANSON SILO COMPANY, Respondent.

*December 8, 1931—January 12, 1932.*

*H. A. Schmidt* of Lake Mills, for the appellant.

For the respondent there was a brief by *Whaley & Paulsen* of Racine, and oral argument by *Vilas H. Whaley.*

FRITZ, J. Plaintiff sued for damages for breach of a contract dated February 25, 1920, and for breach of a warranty

dated September 1, 1920. The contract required defendant to build a brick silo "in substantial and workmanlike manner." Defendant built the silo by September 1, 1920, and it was then accepted and paid for by plaintiff. Under date of September 1, 1920, defendant in writing warranted the silo which it had built "against cracking and bursting;" and agreed "to repair or replace defects free of charge for a period of ten years." In his complaint plaintiff alleged a breach of the warranty in that the silo cracked and burst, causing wastage and loss of silage, and that defendant, although notified of the defects within a reasonable time and requested to remedy them, failed to replace the silo or repair the defects. Defendant's answer admitted the erection of the silo pursuant to the contract; admitted "that defendant warranted the silo against cracking or bursting for a period of ten years;" but otherwise denied the allegations of the complaint. Upon the trial the evidence established, without substantial contradiction, that within three or four years after the completion of the silo cracks appeared and were discovered by plaintiff in the cement lining on the inside of the silo; that some of the mortar between the bricks on the outside crumbled; that those conditions grew somewhat worse in after years, and that defendant refused to repair those defects. There was also evidence that there was spoilage of silage near the walls.

After the evidence was taken defendant was permitted to amend its answer by alleging that the action was barred by the statute of limitations because more than six years had elapsed since the cause of action arose, and before the action was commenced on June 30, 1930. Upon that ground and also for the reason that there was no consideration for the warranty, the defendant moved for a directed verdict. That motion was denied, and a special verdict was taken in which the jury found that the silo was not built in a substantial and workmanlike manner; that the spoilage of silage was due to

defective construction; that the damage for the cost of repairs necessary because of defects of construction was $175, and for spoilage caused by defects of construction was $250. Thereafter, upon defendant's motion, the court changed the jury's answers so as to find that the silo was built in a substantial and workmanlike manner; that there was no spoilage and no damage for spoilage because of defective construction; and that the cost of repairs necessary because of defects of construction was $25 instead of $175. Upon the verdict as thus amended, and because the alleged cause of action was barred by the statute of limitations, the court granted defendant's motion to dismiss the complaint; and judgment was entered accordingly.

No error was committed in concluding that the six years' statute of limitations barred plaintiff's right to recovery in an action at law for defendant's breach of the contract of February 25, 1920. If defendant failed to build the silo in a substantial and workmanlike manner as required by that contract, the breach occurred on or about September 1, 1920, when defendant completed the erection of the silo. Plaintiff's cause of action arose at that time, and the statute of limitations commenced to run from that time even though plaintiff did not know of the breach. As was said in *Ott v. Hood,* 152 Wis. 97, 139 N. W. 762:

"A cause of action on contract, whether for damages or otherwise, commences to run from the time of the breach, whether the facts are known to the party having the right or not, and if the latter, whether through ignorance, neglect, or mistake of such party or fraud of his adversary. There is no exception (citing cases).

"The inexorable nature of our statutes of limitations is most emphatically illustrated by *Pietsch v. Milbrath,* 123 Wis. 647, 101 N. W. 388, 102 N. W. 342, and, in effect, by all the other cited cases, by use therein of this language from *Bank of Hartford County v. Waterman,* 26 Conn. 324, 330: 'Ignorance of his rights on the part of a person against

whom the statute has begun to run will not suspend its operation. He may discover his injury too late to take advantage of the appropriate remedy. Such is one of the occasional hardships necessarily incident to a law arbitrarily making legal remedies contingent on mere lapse of time.' "

However, in so far as defendant agreed in its warranty of September 1, 1920, "to repair or replace defects free of charge for a period of ten years," its obligation to repair or replace continued until September 1, 1930. Consequently, plaintiff's cause of action for breach of that obligation was not barred by the statute of limitations when plaintiff commenced this action on June 30, 1930. A more difficult problem would have arisen because of the contention which was advanced for the first time by the defendant, after the conclusion of the testimony, that the warranty of September 1, 1920, was without consideration, if the defendant had not expressly and unequivocally admitted the validity of the warranty in its answer. That admission was never withdrawn, and, as there was no evidence introduced which tended to impeach or impair the validity of that warranty, plaintiff was entitled, at the conclusion of the trial, to rely upon defendant's admission and defendant was concluded thereby. *Savich v. Hines,* 174 Wis. 181, 182 N. W. 924. Consequently, plaintiff is entitled to recover damages for defendant's failure to perform its obligation to repair the defects in the silo because of the undisputed cracks in the inside cement lining, and the crumbling of the mortar on the outside.

In that respect the trial court was not warranted in changing the jury's finding that the silo was not built in a substantial and workmanlike manner. *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 115, 228 N. W. 741. However, the court properly changed the jury's assessment of the damages for the cost of such repairs from $175 to $25. The only evidence as to the cost of the repairs necessary because of defects during the period of ten years was in relation to

the estimates of $25 made by Jess Tafte. It is true that Herbert Pansch testified regarding a cost of $150, but that included re-covering the entire exterior with cement, and putting the silo in condition for an additional period of ten years, so that plaintiff would be given a silo warranted for twenty instead of ten years. Under the proof, plaintiff's damages, because of defendant's failure to perform its obligation to repair for a period of ten years, are limited to $25, and plaintiff is entitled to recover that amount in this action.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the recovery by plaintiff of $25 as damages.