*158
 
 Broadfoot, J.
 

 The plaintiff contends that neither the notice-of-injury statute nor the statute of limitations commences to run at the time when a surgeon leaves foreign bodies within the body of a patient but said statutes begin to run from the time that the patient, in the exercise of due diligence, first discovers the presence of such foreign objects in his body. It is contended that this exact question has never been determined in this state. It is argued that the negligence of the defendants which resulted in injury to Orrin Reistad was of a continuing nature.
 

 The plaintiff relies upon cases in other jurisdictions and based upon the statutes of other states. Decisions of the courts of other states involving their statutes and prior decisions are of little value in cases arising in Wisconsin under Wisconsin law. We must look to the Wisconsin statutes and decisions of this court interpreting the same.
 

 Although somewhat in the nature of a statute of limitations, our notice-of-injury statute has been held to be a condition precedent to the commencement of an action and is in addition to our statute of limitations. It has been held many times by this court that our notice-of-injury statute applies to actions to recover damages for injury to the person caused by alleged malpractice.
 
 Frechette v. Ravn,
 
 145 Wis. 589, 130 N. W. 453;
 
 Lotten v. O’Brien,
 
 146 Wis. 258, 131 N. W. 361;
 
 Klingbeil v. Saucerman,
 
 165 Wis. 60, 160 N. W. 1051;
 
 Shovers v. Hahn,
 
 178 Wis. 615, 190 N. W. 432;
 
 Voss v. Tittel,
 
 219 Wis. 175, 262 N. W. 579;
 
 Suskey v. Davidoff, 2
 
 Wis. (2d) 503, 87 N. W. (2d) 306. The legislature has made an exception in cases involving fraud and that has been applied by this court in an action by a patient against his doctor.
 
 Krestich v. Stefanez,
 
 243 Wis. 1, 9 N. W. (2d) 130. However, the plaintiff states that no claim of fraud is being made in this case.
 

 The plaintiff further calls attention to the provisions of sec. 9, art. I of the Wisconsin constitution, which provides
 
 *159
 
 that every person is entitled to a certain remedy for all injuries which he may receive. No citations of cases are given to support this argument. However, this court in the past has passed upon the meaning of this constitutional provision. It has been held that the same must be considered in the light of the common law as it stood at the time of the adoption of the constitution in 1848. Under such an interpretation it has been held that the constitutional provision did not abolish the tort immunity of governmental units.
 
 McCoy v. Kenosha County,
 
 195 Wis. 273, 218 N. W. 348;
 
 Firemen's Ins. Co. v. Washburn County,
 
 2 Wis. (2d) 214, 85 N. W. (2d) 840. Also, that this provision did not create a cause of action in favor of a minor against his parent based upon tort (concurring opinion).
 
 Schwenkhoff v. Farmers Mut. Automobile Ins. Co.,
 
 ante, pp. 97, 103, 104 N. W. (2d) 154. The provision did not create a cause of action against a third party for the alienation of affections of his parent.
 
 Scholberg v. Itnyre,
 
 264 Wis. 211, 58 N. W. (2d) 698.
 

 So far as constitutional protection is concerned, when a statute of limitations shall have run against a right, the same is extinguished and a new right created of equal dignity with the one destroyed.
 
 Laffitte v. Superior,
 
 142 Wis. 73, 125 N. W. 105. The provision merely guarantees a suitor a day in a court of competent jurisdiction to which he may present his claim.
 
 New York Life Ins. Co. v. State,
 
 192 Wis. 404, 211 N. W. 288. We need only say in addition that a certain remedy has been provided in Wisconsin in actions for personal injuries to every person who is diligent in the protection of his own rights.
 

 The plaintiff makes arguments that appeal to our sympathies. To grant the relief asked, however, it would be necessary for us to reverse the established case law in this state and to close our eyes to the language of the statute. Argu
 
 *160
 
 ments that the statute should be changed must be addressed to the legislature.
 

 Since there is no claim of fraud and no disputed question of fact, the trial court properly granted the motion for summary judgment.
 

 By the Court.
 
 — Judgment affirmed.