MILWAUKEE COUNTY, Appellant, v. SCHMIDT, GARDEN & ERIKSON and others, Respondents.

*No. 340. Argued June 5, 1969.—Decided June 27, 1969.*
(Also reported in 168 N. W. 2d 559.)

446

For the appellant there were briefs by *Robert P. Russell*, corporation counsel, and *James J. Bonifas*, deputy corporation counsel, and oral argument by *Mr. Bonifas*.

For the respondents there was a brief by *Niebler & Herro*, attorneys, and *Chester J. Niebler* of counsel, all of Menomonee Falls, and oral argument by *Chester J. Niebler*.

WILKIE, J. This appeal turns on the answer to a single question: On March 18, 1959, six years prior to the commencement of this action, had the statute of limitations started to run on such action against the plaintiff?

The trial court correctly saw this as the lone issue in this controversy and in holding that sec. 893.19 (5), Stats., rather than sec. 893.19 (3), applied in this matter, the trial court necessarily concluded that the cause of action was not in contract but in tort. Since either subsection invokes a six-year statute of limitation, the crucial inquiry must be as to from which event the statute of limitations started to run and this, in turn, depends on the nature of the action.

The trial court, as the respondents here now contend, regarded the cause of action as being in tort, namely, malpractice. The trial court concluded that "[t]he cause

of action either arises from an act of omission in design or an act of omission in the supervision of the construction."

If respondents are correct that plaintiff's cause of action is in tort and as in malpractice the cause of action accrues when the injury caused by the professional malpractice occurs, as distinguished from when the injury is discovered at a later date,[1] then the cause of action would seem to have accrued well before the critical date here, March 18, 1959.

Appellant's only argument that its cause of action, if in tort, survives the six-year statute, is that the respondents committed an act of professional malpractice when they issued the final certificate for the heating contract on March 23, 1959 (such date being later than the crucial date of March 18, 1959). We agree with respondents that the issuance of this certificate was merely an "administrative" act.

Attached to the certificate of payment was a sworn contractor's statement indicating that the contractor had completed his contract as of January 31, 1959. There was nothing for the architects to do but confirm that completion, which they did. Moreover, respondents correctly contend that even if the issuance of that certificate were a "supervisory" act, there was no allegation in the complaint that such act was in any way improper; this follows from the fact that in the complaint there is no allegation of improper supervision on or after March 18, 1959, and the design (plans and specifications) was completed long before March 18, 1959.

We must necessarily conclude that, to the extent that plaintiff's complaint states a cause of action in tort, that

[1] *McCluskey v. Thranow* (1966), 31 Wis. 2d 245, 142 N. W. 2d 787. *See also Reistad v. Manz* (1960), 11 Wis. 2d 155, 105 N. W. 2d 324 (physicians); *Peppas v. Marshall & Ilsley Bank* (1957), 2 Wis. 2d 144, 86 N. W. 2d 27 (banking); *Suskey v. Davidoff* (1958), 2 Wis. 2d 503, 87 N. W. 2d 306 (physicians and surgeons).

action is barred by the statute of limitations, sec. 893.19 (5), Stats.

But on demurrer we must search to see whether plaintiff states any cause of action. Here, plaintiff vigorously contends that the county has properly pleaded a cause of action for breach of contract and that the six-year statute of limitations began running at a later date and the county is not barred by that statute.

In *Klingbeil v. Saucerman*,[2] this court held that malpractice could sound either in tort or contract. We said:

". . . It was stated in *Frechette v. Ravn* [145 Wis. 589, 130 N. W. 453] that an action in tort for malpractice was 'plainly one to recover damages for injuries to the person.' Why? Because defendant's conduct resulted in an injury to the person of plaintiff. If it did so because of the tort, which consisted in a breach of duty created by law, it is difficult to see why it does not do so when the same identical conduct produces the same identical result, though the complaint charges the breach of a duty created by contract between the parties instead of the breach of a duty created by law. Damages may flow from the breach of both duties, and likewise an injury to the person may result from the breach of a contract as well as from a tort. *Where, as in malpractice, there is an option to sue in tort or on contract, each cause of action is grounded upon the same identical acts of the defendant, namely, his failure to exercise the proper skill or care, or both.* The very same conduct gives plaintiff his option as to remedies." (Emphasis added.) [3]

More recently, in *Suskey v. Davidoff*,[4] this court recognized that an action for malpractice could sound in tort or in contract. Citing the *Klingbeil Case*, the court provided that:

". . . The two-year notice requirement was applicable to an action in malpractice . . . *whether sounding in tort*

---

[2] (1917), 165 Wis. 60, 160 N. W. 1051.

[3] *Id.* at pages 61, 62. *See also Frechette v. Ravn* (1911), 145 Wis. 589, 130 N. W. 453.

[4] *Supra*, footnote 1.

*or in contract for breach of implied agreement to treat with proper skill and care."* (Emphasis added.) [5]

In reviewing the complaint, particularly paragraphs 9 and 10, in light of *Klingbeil* and *Suskey,* it appears that the plaintiff county has indeed alleged a cause of action in contract. In *Klingbeil* we held that a malpractice action in tort or in contract is grounded upon the "identical acts of the defendant." Those acts of defendant are described in the complaint by phrases such as "all in breach of its contract," and "failed to exercise due diligence and skill and due to their breach of the duties assumed by them, pursuant to the contract provisions."

Then too, in *Frechette,*[6] this court, while attempting to determine whether a malpractice action sounded in tort or in contract, looked to see whether the damages sought were recoverable in contract or in tort. In that case the court stated:

". . . Damages are asked for mental pain and suffering as well as for the injury to the hands and arms . . . . Such damages are hardly recoverable in an action on contract." [7]

In the instant case, the complaint alleges that:

". . . the plaintiff has already expended $74,000.00 to remedy defects and will be required to expend an additional $507,000.00 and accordingly has sustained damages in the amount of $581,000.00."

Such damages are recoverable in a contract action.

But even assuming that the complaint states a cause of action in contract, when does the statute of limitations begin to run?

Appellant cites *Krueger v. V. P. Christianson Silo Co.* [8] as its only authority for the proposition that its cause

---

[5] *Id.* at page 505.

[6] *Supra,* footnote 3.

[7] *Id.* at page 591.

[8] (1932), 206 Wis. 460, 240 N. W. 145.

of action did not accrue nor did the statute of limitations begin to run until respondents completed their contract by issuing the certificate of payment on March 23, 1959.

In *Krueger,* this court stated:

". . . If defendant failed to build the silo in a substantial and workmanlike manner as required by that contract, the breach occurred on or about September 1, 1920, when defendant completed the erection of the silo. Plaintiff's cause of action arose at that time, and the statute of limitations commenced to run from that time even though plaintiff did not know of the breach." [9]

Such language, standing alone, appears to support the contention of appellant. However, the *Krueger* court went on to quote from *Ott v. Hood,*[10]

" 'A cause of action on contract, whether for damages or otherwise, *commences to run from the time of the breach,* whether the facts are known to the party having the right or not, and if the latter, whether through ignorance, neglect, or mistake of such party or fraud of his adversary. There is no exception (citing cases).

" 'The inexorable nature of our statutes of limitations is most emphatically illustrated by *Pietsch v. Milbrath,* 123 Wis. 647, 101 N. W. 388, 102 N. W. 342, and, in effect, by all the other cited cases, by use therein of this language from *Bank of Hartford County v. Waterman,* 26 Conn. 324, 330: "Ignorance of his rights on the part of a person against whom the statute has begun to run will not suspend its operation. He may discover his injury too late to take advantage of the appropriate remedy. Such is one of the occasional hardships necessarily incident to a law arbitrarily making legal remedies contingent on mere lapse of time." ' " (Emphasis added.) [11]

Thus, in a breach of contract case, a cause of action accrues and the statute of limitations begins to run from the moment the breach occurs. If this be so, then, in the instant case, appellant's action is barred even though in

[9] *Id.* at page 462.

[10] (1913), 152 Wis. 97, 100, 101, 139 N. W. 762.

[11] *Supra,* footnote 8, at pages 462, 463.

contract. Any defect in design of the building took place long before March 18, 1959. Any failure to properly supervise and inspect also took place prior to March 18, 1959. Attached to the final certificate of payment issued on March 23, 1959, is a sworn statement of the contractor which indicates that work on the heating system had been completed on January 31, 1959. Thus the work which respondents would be expected to supervise and inspect was completed before March 18, 1959. The only act performed by respondents after March 18, 1959, was the issuance of the final certificate of payment on March 23, 1959. This act did not amount to an act of supervision or inspection.

*By the Court.*—Judgment affirmed.