ESTATE OF KOHLS (Marion) : KOHLS (Donald), Special Administrator and Individually, Appellants, v. BRAH and another, Respondents.

*No. 210. Argued November 28, 1972.—Decided January 30, 1973.*
(Also reported in 203 N. W. 2d 666.)

For the appellants there was a brief by *George N. Kotsonis* and *Niebler & Niebler,* all of Menomonee Falls, and oral argument by *Mr. Kotsonis.*

For the respondents there was a brief by *Binder, Zirbel & Howard,* attorneys, and *Irving W. Zirbel* of counsel, all of Milwaukee, and oral argument by *Irving W. Zirbel.*

ROBERT W. HANSEN, J. The only issue on this appeal is whether the three-year statute of limitations [1] or the six-year statute of limitations [2] applies.

Appellant Donald Kohls concedes that, under the construction given the statutes involved by this court, the three-year statute of limitations applies. While a malpractice action can be brought either in tort or in contract,[3] it is an action to recover damages for injuries to the person. The word "action" as used in the three-year statute of limitations ". . . has reference to the subject matter or nature thereof, not to its form as a matter of remedial procedure. Whether it be in tort or on contract it is an action to recover damages for injuries to the person and comes alike under the terms of the statute . . . ." [4] Dealing then with a requirement of notice statute (changed by ch. 435, Laws of Wisconsin 1957, to the present statute, sec. 893.205, Stats.), this court held that ". . . if defendant's conduct, when sued in tort, gives rise to an action for injuries to the person, the very same conduct must give rise to the same kind of action when sued on contract. . . ." [5] The appellant has an option as to remedies, but, whichever route he chooses, the "action for injuries" statute of limitations (sec. 893.205, the three-year statute) applies.

---

[1] Sec. 893.205, Stats., provides:

"**Within 3 years.** Within 3 years:

"(1) An action to recover damages for injuries to the person for such injuries sustained on and after July 1, 1955 . . . ."

[2] Sec. 893.19, Stats., provides:

"**Within 6 years** . . . Within 6 years:

"(3) An action upon any other contract, obligation or liability, express or implied . . . ."

[3] *Klingbeil v. Saucerman* (1917), 165 Wis. 60, 160 N. W. 1051. *See also: Reynolds v. Graves* (1854), 3 Wis. 371 (*416).

[4] *Klingbeil v. Saucerman, supra,* at page 62, quoted with approval in *Reistad v. Manz* (1960), 11 Wis. 2d 155, 158, 105 N. W. 2d 324; *Suskey v. Davidoff* (1958), 2 Wis. 2d 503, 505, 87 N. W. 2d 306.

[5] *Id.* at page 62.

Appellant does not dispute that under *Klingbeil,* as in most other states,[6] a malpractice action based on breach of contract is governed by the same limitations statute that is applicable to malpractice actions founded on tort. However, appellant sees the 1917 construction of the statute by this court as a judicial balancing of the public policy factors then involved. And appellant submits that the trend toward the clinic type of medical service and the coming of generally available insurance protection against malpractice claims should lead this court to a new balancing and different construction of the statute. So it is argued that what was once construed with a result beneficial to individual practitioners of medicine and dentistry ought now be reconstrued to reach a result more helpful to those who claim damages as a result of professional malpractice.

This approach misconstrues what the court did back in 1917 and what it can do now. It is true that there is a balancing of public policy factors in the setting of any time limit within which certain types of legal actions must be commenced. However, the balancing and deciding is part of the legislative, not the judicial, process. When this court, in *Klingbeil,* held an action for injuries, tort or contract, to be limited by the forerunner of sec. 893.205, Stats., it was not deciding what it thought the law ought to be. Rather it was construing and applying the law as the legislature had enacted it. As this court has said:

---

[6] Annot. (1961), *Statute of Limitations—Malpractice,* 80 A. L. R. 2d 326, 327, II, sec. 4, stating: "The weight of authority is to the effect that ordinarily [absent a contract to bring about a *cure*] a malpractice action is subject to the time limitations provided in statutes for actions in tort or malpractice . . . ." *See also:* Annot. (1944), 151 A. L. R. 1028; Annot. (1931), 74 A. L. R. 1256.

". . . Courts are not responsible for the law. It is their province to declare and apply it and to construe statutes and constitutions in accordance with the will of the lawmaking power, where construction becomes necessary. When such construction has once been given to a law and finally established as a part thereof, it is as much a part of it as if embodied therein in plain and unmistakable language. . . . When that situation exists it is the province of the legislature alone to change the law. The court should not attempt it, whatever may be the notions of judges as to what the law ought to be. . . ." [7]

Appellant's plea for a change in the statute is addressed to the wrong forum. It should be directed to the legislature, not the courts. Actually, the legislature, in 1957, did move in the direction which the appellant urges. It substituted a three-year statute of limitations for a two-year requirement of notice in actions to recover damages for injuries to the person. If additional changes in the statute are to be made, it is for the legislature to make them.

What has been said of the first cause of action, brought on behalf of the wife, applies to the second cause of action, brought by the husband to recover expenditures he made in paying medical bills incurred by his wife.

In this state the husband has a cause of action for reimbursement of medical expenses made necessary by

[7] *Eau Claire National Bank v. Benson* (1900), 106 Wis. 624, 627, 628, 82 N. W. 604. *See also: Salerno v. John Oster Mfg. Co.* (1967), 37 Wis. 2d 433, 441, 155 N. W. 2d 66, stating: ". . . the court's interpretation of a statute becomes a part thereof, unless the legislature subsequently amends the statute to effect a change." Citing *Sun Prairie v. Public Service Comm.* (1967), 37 Wis. 2d 96, 154 N. W. 2d 360, where the court stated at page 100: ". . . This court has long been committed to the principle that a construction given to a statute by the court becomes a part thereof, unless the legislature subsequently amends the statute to effect a change."

the wrongful act that caused injury to his wife.[8] However, this right of recovery against the wrongdoer is dependent upon the validity of the wife's claim. It is, as this court recently phrased it, both "derivative and dependent upon his wife's injury." [9] Deriving from her injury, it is "subject to all such defenses as existed against her." [10] *Klingbeil* held that, ". . . The words 'action to recover damages for an injury to the person' mean an action brought on account of or by reason of bodily injuries inflicted upon a human being. . . ." [11] Being both derivative and dependent upon the wife's claim of injury to her person, the husband's action for reimbursement for medical expenses, like hers, is controlled by the three-year statute of limitations. The three-year statute of limitations (sec. 893.205, Stats.) being applicable to both causes of action, the trial court properly granted defendants' motion for summary judgment.

*By the Court.*—Judgment affirmed.

[8] *Seifert v. Milwaukee & Suburban Transport Corp.* (1958), 4 Wis. 2d 623, 626, 91 N. W. 2d 236; *Jewell v. Schmidt* (1957), 1 Wis. 2d 241, 250, 83 N. W. 2d 487.

[9] *Utecht v. Steinagel* (1972), 54 Wis. 2d 507, 516, 196 N. W. 2d 674.

[10] *Stuart v. Winnie* (1935), 217 Wis. 298, 305, 258 N. W. 611, the court also stating: ". . . As was then held, the husband's loss, due to the loss of his wife's services and to his expenditures for her medical treatment, etc., arise out of her cause of action for the tort which caused personal injury to her; and, but for the existing marital relation and his resulting obligations and rights, she alone would be entitled to recover for the loss sustained on account of those items. . . ."

[11] *Klingbeil v. Saucerman, supra,* at page 62.