478 So.2d 71 (1985)
Dr. Dale B. DUBIN, Appellant,
v.
DOW CORNING CORPORATION, Appellee.
Dr. Dale B. DUBIN, Appellant,
v.
WARE CONSTRUCTION COMPANY, INC., Appellee.
Nos. 83-2406, 84-113.
District Court of Appeal of Florida, Second District.
October 2, 1985.
Rehearing Denied November 4, 1985.
David C. Park of Register and Park, P.A., Tampa, for appellee Ware Const. Co., Inc.
*72 Edward M. Chew of de la Parte & Gilbert, P.A., Tampa, for appellant.
J. Brent Walker and John J. Cunningham, Jr. of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee Dow Corning Corp.
RYDER, Chief Judge.
Dr. Dale Dubin appeals a trial court's order which granted final summary judgment for Dow Corning Corporation and Ware Construction Company, Inc. We affirm.
In February of 1977, Ware entered into a written contract to construct an office for Dubin. Ware installed a roof allegedly made by Dow, which allegedly had a five-year warranty.
Dubin took possession of the new building in January of 1978. During the summer of 1978, the roof began to blister and leak, and caused damage to the interior of the building. Although Ware attempted to fix the leaks, the roof continued leaking through 1978 and new leaks appeared in the summer of 1979. Later that year, Ware's subcontractor replaced one-third of the roof under the five-year Dow warranty. Thereafter, despite those attempted repairs, the roof continued to leak and caused substantial damage to the interior of the building.
In December of 1982, Dubin filed complaints against Ware and Dow alleging, among other things, breach of written warranty. In October of 1983, the trial court granted Ware and Dow's motions for summary judgment on the ground that Dubin's cause of action was barred by the four-year statute of limitations for actions founded on the design, planning or construction of an improvement to real property. § 95.11(3)(c), Fla. Stat. (1981).
On appeal, Dubin argues that the trial court should have applied the five-year statute of limitations on contracts to his breach of warranty claim. § 95.11(2)(b), Fla. Stat. (1981). We disagree.
Several Florida courts have interpreted the four-year statute, however, those interpretations have been within the context of other issues such as when notice occurs to trigger the running of the statute. Kelley v. School Board of Seminole County, 435 So.2d 804 (Fla. 1983); Board of Trustees of Santa Fe Community College v. Caudill Rowlett Scott, Inc., 461 So.2d 239, 242 (Fla. 1st DCA 1984); HavaTampa Corp. v. McElvy, Jennewein, Stefany & Howard, Architects/Planners, Inc., 417 So.2d 703 (Fla. 2d DCA 1982), petition for review denied, 430 So.2d 451 (Fla. 1983). We acknowledge that only the Caudill opinion affirmatively states that one count of the action was based upon breach of warranty. Additionally, because none of these cases suggest that the plaintiffs argued that the five-year statute applied to a breach of warranty count, we must rely upon the plain meaning of the statute to resolve this issue.
Subsection 95.11(3)(c), Florida Statutes (1981), provides for a four-year statute of limitations for:
(c) An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence... . (emphasis added)
We read this language to mean "any" action arising out of improvements to real property, whether founded on contract or on negligence. To read the statute otherwise would render it meaningless, because section 95.11(3)(a), Florida Statutes (1981), already provided for a four-year statute of limitations for actions founded on negligence.
*73 Further, section 95.11(3)(c) is a specific statute relating to real property improvements. A special statute of limitations which addresses itself to specific matters takes precedence over a general statute. Carcaise v. Durden, 382 So.2d 1236, 1237 (Fla. 5th DCA), petition for review denied, 389 So.2d 1108 (Fla. 1980). See also Cristich v. Allen Engineering, Inc., 458 So.2d 76, 78 n. 2 (Fla. 5th DCA 1984); Kelley, 435 So.2d at 805 n. 2.
Appellant also argues that because the Dow warranty on the roof provided for performance over a period of five years, one or more breaches of this "continuing obligation" can occur during the five-year period. Based on this reasoning, he then argues that the four-year statute of limitations for the leaks which appeared during the summer of 1979 did not expire until the summer of 1983. Appellant did not present this argument to this court until we requested briefing on the subject at oral argument. However, his argument still must fail.
The Florida Supreme Court has already rejected the "continuing treatment" doctrine which is, in essence, the same as appellant's "continuing obligation" theory. Kelley, 435 So.2d at 805-806. We agree with appellant's argument that a four-year statute of limitations could commence at any time up to the expiration of the warranty period. The statute of limitations begins to run on a warranty when the contract is breached, and the breach occurs when the defect is or should be discovered. AB CTC v. Morejon, 324 So.2d 625, 628 (Fla. 1975); Lewis v. Associated Medical Institutions, Inc., 345 So.2d 852, 854 (Fla. 3d DCA), cert. denied, 353 So.2d 676 (Fla. 1977); Vilord v. Jenkins, 226 So.2d 245, 247 (Fla. 2d DCA 1969). In cases where a cause of action was specifically based on leaking roofs, other courts have ruled that the statute begins to run when an owner has notice of the first leak. Kelley, 435 So.2d at 806. See also HavaTampa, 417 So.2d at 704; K/F Development & Investment Corp. v. Williamson Crane & Dozer Corp., 367 So.2d 1078 (Fla. 3d DCA), cert. denied, 378 So.2d 350 (Fla. 1979). Theoretically, if the roof had first leaked right before the end of the five-year warranty period in 1983, appellant would have until 1987 to file suit. In this case, as appellant conceded to the trial court, the cause of action accrued and the statute began to run in the summer of 1978 when he had notice of the first leaks. Therefore, because appellant failed to file his complaint before the expiration of the four-year statute of limitations in the summer of 1982, we must affirm.
Affirmed.
DANAHY, J., concurs.
GRIMES, J., concurs in part and dissents in part.
GRIMES, Judge, concurring in part and dissenting in part.
I fully agree that the four-year statute of limitations under section 95.11(3)(c), Florida Statutes (1981), is applicable to this case. However, in view of the existence of the written warranties to repair for specified periods of time, I do not believe that the four-year statute had run with respect to all of Dubin's claims at the time he filed his complaint.
Dubin asserted that upon completion of construction and final payment in January of 1978, Dow had given him a written warranty to make all repairs made necessary by manufacturing defects in Dow's roofing product for a period of five years. Thus, as noted in the majority opinion, if a defect first appeared shortly before the end of the five-year warranty period, Dubin would have had an additional four years to bring suit. The majority concludes, however, that since the defects first appeared in the summer of 1978, the limitations period began to run at that time and thereby expired several months before this suit was filed in December of 1982. Ironically, this means that Dubin lost his right to sue under the five-year warranty at a time when the five-year period had not yet run out.
In Kelley v. School Board of Seminole County, 435 So.2d 804 (Fla. 1983), the supreme *74 court considered a case in which the school board sued various parties for roofing defects which had become apparent in 1973. Though suit was not filed until more than four years later, the district court of appeal had concluded that because of assurances and certain repairs made by the defendants, the four-year statute of limitations had been tolled until such time as the board knew or should have known that the roofing problem was permanent and irreparable. In quashing this opinion, the supreme court rejected the so-called "continuing treatment" doctrine and held that the statute began to run once the board knew something was wrong with the roof regardless of the assurances and attempts to repair.
The Kelley case would be entirely controlling here if Dubin's only claims were predicated on breaches of implied warranties of fitness and merchantability. Warranties of that nature pertain to existing defects, McCarthy v. Florida Ladder Co., 295 So.2d 707 (Fla. 2d DCA 1974), though the statute of limitations begins to run when the defects are discovered or reasonably should have been discovered. Creviston v. General Motors Corp., 225 So.2d 331 (Fla. 1969). However, Dubin is also claiming on a written warranty that Dow will make repairs any time a defect occurs within a five-year period of the date of completion of construction. The warranty is continuing in nature. It doesn't matter that the defect first appeared soon after completion or that some repairs were thereafter made because Dow warranted that there would be no defects in the roof throughout the period of the warranty. Therefore, Dubin should have the right to recover damages for any failure to repair during the warranty period which has occurred within the four years immediately prior to the filing of his suit. The "continuing treatment" doctrine which was rejected in Kelley has nothing to do with Dubin's theory that Dow had a "continuing obligation" to make repairs under its five-year warranty. To adopt the majority's view means that regardless of the duration of the specified period of warranty, the period is subject to shortening if the defect first appears more than four years before the expiration of the period.
In a sense, Dow's obligation under the five-year warranty is analogous to obligations payable in installments under which the statute of limitations begins to run against each installment as it becomes due. 51 Am.Jur.2d Limitations of Actions § 133 (1970). Significantly, none of the cases cited in the majority opinion considered the statute of limitations from the standpoint of an express warranty to make repairs during a specified period of time. On the other hand, the court in Bulova Watch Co. v. Celotex Corp., 46 N.Y.2d 606, 389 N.E.2d 130, 415 N.Y.S.2d 817 (1979), was faced with precisely this question. In that case Barrett, a supplier of roofing materials whose obligations were later assumed by Celotex, sold roofing materials for the roof of a building constructed for Bulova. On February 20, 1953, Barrett issued a bond which expressly guaranteed for a twenty-year period to make any repairs that might become necessary to maintain the roof in a watertight condition. The roof began to leak in 1955, and despite Celotex's intermittent efforts to make repairs, it continued to leak for the balance of the twenty years. On July 10, 1973, Bulova Watch sued Celotex for damages in the amount it would cost to replace the roof. The Court of Appeals affirmed that portion of the judgment which held that Bulova's suit on implied warranty was barred by the six-year statute of limitations. However, the court reversed the judgment against Bulova with respect to its claim on the express warranty under the bond. The court said:
Nevertheless, plaintiff's rights under the bonds enable its suit to weather the storm of defendants' attacks. The bonds embody an agreement distinct from the contract to supply roofing materials. The former expressly promise to furnish whatever labor and materials are required for future repairs; the latter deals only with those provided at the time of the installation. The period during *75 which performance may be required under the bonds is expressly stipulated to be 20 years; the only time specified for the performance of the sales contract was that of the original installation... .
On the limitations question, it is clear the [sic] the separate bond obligations, as agreements contemplating services, were subject to a six-year statute (CPLR 213, subd. 2; 1 Weinstein-Korn-Miller, N.Y. Civ.Prac., par. 213.13) running separately for the damages occasioned each time a breach of the obligation to repair the bonded roof occurred (see Putnam's Sons v. Owens, 51 A.D.2d 527, 378 N.Y.S.2d 637 [1976]; Colpan Realty Corp. v. Great Amer. Ins. Co., 83 Misc.2d 730, 731-732, 373 N.Y.S.2d 802, 803-804 [1975]). For this reason, the bond claims arising within six years of the commencement of this suit are timely, provided they also arose during the 20-year period to which the guarantee relates.
46 N.Y.2d at 610-611, 389 N.E.2d at 132, 415 N.Y.S.2d at 819-820.
The court in Krueger v. V.P. Christianson Silo Co., 206 Wis. 460, 240 N.W. 145 (1932), reached the same conclusion in a suit involving defects in the construction of a silo. The construction contract dated February 25, 1920, required the contractor to build a silo in a substantial and workmanlike manner. Upon the completion of construction on September 1, 1920, the contractor expressly warranted the silo "against cracking and bursting" and agreed "to repair or replace defects free of charge for a period of ten years." Defects appeared within three or four years after completion of the silo, but the owner did not bring suit until June 30, 1930. The court held that the owner's suit for breach of contract was barred by the six-year statute of limitations. However, the court held that the contractor's obligation to repair or replace defects free of charge for a period of ten years continued until September 1, 1930. Therefore, the suit for the breach of that obligation was not untimely filed.
Dubin also made a claim against Ware which was based upon the same theory as his claim against Dow. Dubin alleged that Ware breached that portion of the written construction contract which requires the contractor at his own cost to remedy "any and all defects due to faulty materials or workmanship which shall appear within a period of one (1) year from the date of final payment." Since Dubin's suit was filed three years and eleven months after the expiration of the one-year period, the suit should not be entirely barred by the four-year statute of limitations, although his recovery would necessarily be limited to breaches for the failure to repair which occurred during the last month of the warranty period.
I would reverse the judgment with respect to Dubin's claim against Dow under the five-year warranty and his claim against Ware under the one-year warranty.