# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D18-1315 & 3D18-1060
Lower Tribunal No. 11-28905

_____

**Covenant Baptist Church, Inc., etc.,**
Appellant,

vs.

**Vasallo Construction, Inc., etc., et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Rodolfo A. Ruiz, Judge.

John A. Jabro, for appellant.

Hill, Ward & Henderson, P.A., Marie A. Borland, and B. Ben Dachepalli (Tampa); Rembold Hirschman, Scott D. Rembold and Ashley A. Graham, for appellees.


Before FERNANDEZ, LOGUE, and MILLER, JJ.

MILLER, J.

Under Florida law, "[w]hen a newly finished roof leaks it is not only apparent, but obvious, that someone is at fault." Kelley v. Sch. Bd. of Seminole Cty., 435 So. 2d 804, 806 (Fla. 1983) (citation omitted). Thus, "where a cause of action [is] specifically based on leaking roofs . . . the statute [of limitations] begins to run when an owner has notice of the first [roof] leak." Dubin v. Dow Corning Corp., 478 So. 2d 71, 73 (Fla. 2d DCA 1985). Here, it is well-documented that appellant had knowledge of the roof leaks by 2006, yet failed to file suit until 2011. Accordingly, we affirm the final judgment under review. See § 95.11(3)(c), Fla. Stat. (2018); Kelley, 435 So. 2d at 806 (holding the claim was barred by the four-year statute of limitations where "the school board had knowledge of the defective roofs sufficient to put it on notice that it had, or might have had, a cause of action" since the roofs began to leak shortly after being finished, "more than four years prior to" filing the action); Conquistador Condo. VIII Ass'n, Inc. v. Conquistador Corp., 500 So. 2d 346, 347 (Fla. 4th DCA 1987) (holding summary judgment based on the four-year statute of limitations was proper where the law suit was not filed until 1984 and the trial court concluded that "as a matter of law appellant had notice in 1979 that [the roof leaks] existed"); Dubin, 478 So. 2d at 73 ("[T]he cause of action accrued and the statute [of limitations] began to run in the summer . . . when [appellant] had notice of the first [roof] leaks. Therefore, because appellant failed to file his complaint before the expiration of the four-year statute

2

of limitations . . . we must affirm" the trial court's order granting summary judgment.); Havatampa Corp. v. McElvy, Jennewein, Stefany & Howard, Architects/Planners, Inc., 417 So. 2d 703, 704 (Fla. 2d DCA 1982) ("On the day appellant took occupancy of the facility, it knew [the roof was leaking] . . . . Appellant cannot rely on a lack of knowledge of the specific cause of the problem to protect it against the expiration of the four year statute of limitations."); K/F Dev. & Inv. Corp. v. Williamson Crane & Dozer Corp., 367 So. 2d 1078, 1079 (Fla. 3d DCA 1979) ("The evidence is clear that the purchaser knew or should have known of the alleged defect when the roof began to leak, and this was more than four years prior to the filing of the law suit.").

Affirmed.