196 So.2d 205 (1967)
Marilyn L. HODER, Appellant,
v.
Maxwell M. SAYET, M.D., d/b/a Atlantic Clinical Lab., and North Miami General Hospital, Inc., a Florida Corporation, Appellees.
Nos. 65-1013, 65-1014.
District Court of Appeal of Florida. Third District.
January 31, 1967.
On Rehearing March 10, 1967.
*207 Thomas J. Gaine, Miami, for appellant.
Carey, Dwyer, Austin, Cole & Stephens and Edward A. Perse, Miami, for Sayet.
*208 Dean, Adams, George & Wood and George E. Bunnell, Miami, for North Miami General.
Before CARROLL, BARKDULL and SWANN, JJ.
SWANN, Judge.
The plight of the plaintiff, Marilyn L. Hoder, pushed to the brink of defeat by an adverse summary judgment, is reminiscent of that of the children of Israel when they were trapped against the sea by the pursuing Egyptians, only to be saved by the hand of the Lord opening the sea before them.[1]
The plaintiff here finds her sea suddenly opened before her by two recent Supreme Court decisions.[2]
The defendant, Maxwell M. Sayet, M.D., d/b/a Atlantic Clinical Lab, a commercial blood bank, supplied whole blood with which the defendant, North Miami General Hospital, Inc., administered a transfusion to the plaintiff's husband while he was a patient in the hospital. The plaintiff alleged that the blood given her husband was impure and caused him to contract homologous serum hepatitis from which he subsequently died. She sought recovery for his alleged wrongful death against both the hospital and the blood bank on theories of implied warranty and negligence. Summary judgments were entered in favor of both defendants and the plaintiff now appeals.
On appeal, we must consider the following points:
1) Whether there is an implied warranty by a commercial blood bank, or a purchaser hospital, that the blood sold and used for transfusions is fit for human use.
2) Whether the plaintiff's allegations of negligence on the part of either the blood bank or the hospital were sufficient to state a cause of action against either or both of them
3) Was there any genuine issue as to any material fact so as to preclude the entry of a summary final judgment for the hospital or the blood bank?
We first discuss the alleged "implied warranty of fitness" of the blood by the hospital and the blood bank.
Judge Shannon, in Russell v. Community Blood Bank, Inc., Fla.App. 1966, 185 So.2d 749, has given this question a scholarly and thorough discussion, and has noted that the transfer of blood by a hospital to a patient is generally considered a "service" as opposed to a "sale," and that the allegation of a breach of an implied warranty would not state a cause of action against the hospital. The opinion held, however, that a blood bank which supplied blood to a patient for a consideration has made a "sale" and that there may be a cause of action stated against it for breach of an implied warranty. We concur.
The Russell case, in what may have been dicta (since the only question was whether the complaint stated a cause of action) seemed to indicate that although the plaintiff may state a cause of action for breach of an implied warranty by the blood bank, recovery would be limited to only those injuries caused by failure to detect or remove a deleterious substance capable of detection or removal. This position offers great hope to the blood bank here, as it argues most persuasively that "if * * * a medical and factual showing is made by the defendant that the serum hepatitis virus is undetectable and unremovable, this would, as a matter of law, be a complete defense to an action predicated on breach of implied warranty." The blood bank points to evidence that such may be the case here.
Viewing the record in the light most favorable to the plaintiff, as we must here, and drawing from it every favorable inference, it seems that even though there may *209 be no way to detect or eliminate the hepatitis virus once the blood has been taken, a jury might well find that the risk of its being present could have been greatly minimized through more careful screening of donors.
The fact that a drug product may be "unavoidably unsafe" does not license its processor to disregard all standards of care and precaution, merely because he is secure in the knowledge that he does not impliedly warrant it against its "unavoidable" defects. The Florida Supreme Court, in McLeod v. W.S. Merrell Co., 1965, 174 So.2d 736, 739, has imposed a limited set of warranties upon a retail druggist filling prescriptions:
* * * * * *
"* * * [T]he rights of the consumer can be preserved and the responsibilities of the retail prescription durggist can be imposed, under the concept that a druggist who sells a prescription warrants that (1) he will compound the drug prescribed; (2) he has used due and proper care in filling the prescription (failure of which might also give rise to an action in negligence); (3) the proper methods were used in the compounding process; (4) the drug has not been infected with some adulterating foreign substance. * * *"
* * * * * *
The same rationale should be applied to processors of blood which is to be used by purchasers for transfusions into human beings. Blood banks must take necessary precautions in selecting donors and processing the blood.
It appears that the blood used in the Hoder transfusion was obtained by the blood bank from two donors, one of whom gave a fictitious name and address and was never located. The other donor, Albanese, was located and deposed concerning the procedures followed by the blood bank in the taking of his blood.
A blood bank, in order to be accredited by the proper authorities, is required to ask certain questions concerning the donor's general health, well being, diseases and other relevant matters before taking his blood. Albanese testified by deposition that he was asked none of these questions prior to the taking of his blood by the blood bank. Even though Albanese stated that he would have answered any such questions in the negative, a jury might reasonably infer that there had been a similar failure to screen the other donor at the time his blood was taken and that this amounted to a breach of the blood bank's implied warranty to take necessary precautions to minimize the risk of obtaining impure blood.
Having determined that a cause of action for breach of implied warranty was stated against the blood bank, but not the hospital, and that the blood bank had failed to carry the burden of proving conclusively the non-existence of a material issue of fact so as to be entitled to a summary judgment, we now turn to the question of possible negligence on the part of either the hospital or blood bank.
The blood bank has been charged with negligence in the delegation of the interviewing, the selecting, and the screening of donors to [unqualified] non-medical agents, servants or employees, which failure would increase the probability of serum hepatitis. The affidavits and depositions submitted on behalf of the blood bank have failed to show conclusively the non-existence of the issues raised by these allegations.
Turning now to the hospital, the plaintiff's only allegation of negligence would seem to boil down to the proposition that it is negligence per se for a hospital to purchase or obtain blood from a commercial blood bank because commercial procurement increases the likelihood of hepatitis infected blood. We are not prepared to so hold.
The fact that the blood bank had met licensing requirements would appear *210 to be only a prima facie indication of its adherence to certain minimum standards of care in the selecting of donors and processing of the blood. If the hospital or its agents had reason to know that these minimum standards were not being followed, it cannot be allowed to escape liability by asserting that its sole duty was to obtain the blood from a licensed blood bank.
It is generally settled that a court may pierce the "paper issues" made by the pleadings and examine the record to determine if there are any genuine issues of fact that ought to be tried. Curley v. Finest Homes, Inc., Fla.App. 1964, 167 So.2d 739. The court therefore should have granted the plaintiff leave to amend her allegation of negligence against the hospital if it appeared that there were issues to be tried that had not been raised by the pleadings. See: Hart Properties, Inc. v. Slack, Fla. 1963, 159 So.2d 236.
Viewing the record again in the light most favorable to the non-moving party, it would seem that the hospital has failed to show conclusively the non-existence of any material issue concerning possible negligence in its selection of this particular blood bank as its supplier. Dr.Sayet acted in the dual capacity of hospital pathologist and owner-operator of the blood bank. A jury might reasonably have found that the hospital entrusted him with a measure of responsibility in selecting the supply source for the blood acquired by the hospital. Any purchase then by the hospital from a blood bank which Dr. Sayet knew or should have known to be operating below minimum standards of care, would have constituted a breach of the hospital's duty to use due care in the acquisition of blood for its patients.
It is estimated that there are three thousand deaths per year in the United States which are directly or indirectly attributable to the use of blood transfusions for medical or surgical purposes, and that there are many diseases which can be transmitted by blood transfusions, the most important of which are serum hepatitis, malaria, and syphillis.[3]
Blood transfusions are becoming more frequent in our society, and blood banks and hospitals must exercise a high degree of care and attention in these matters. We find that the allegations of breach of the implied warranty were sufficient to state a cause of action against the blood bank under the rules set forth in Russell, supra, and the issues raised by these allegations have not been disposed of by the defendant's attack. We also find that the allegations of negligence against both the blood bank and the hospital created sufficient issues of genuine material fact to withstand the defendants' motions for summary judgment.
The last point raised by the defendants is that they are entitled to summary judgment because the plaintiff has failed to introduce any proof, other than the naked allegations of her complaint, that the decedents' death was caused by serum hepatitis, or that if it were, that the hepatitis was caused by the transfused blood.
At this stage, we are concerned solely with the question of whether the moving party has successfully met the challenge of showing conclusively the non-existence of any material issue of fact.[4] The defendants here have not come forward with any evidence to indicate that the decedent did not die from homologous serum hepatitis or that, if he did, it was caused by something other than the blood transfusion as alleged in the plaintiff's complaint. The defendants therefore have failed to carry their burden *211 and the plaintiff has no present obligation to demonstrate such a causal relationship.
To be sure, upon remand for trial, it will be the plaintiff upon whom the burden will fall to prove the necessary elements of causation before recovery will be allowed. In addition, the plaintiff must then also prove the acts of negligence or of a breach of implied warranty necessary to support recovery. We do not presently hold that there has been any breach of implied warranty or act of negligence or that the plaintiff is entitled to recovery. We hold merely that the movant for summary judgment has not conclusively shown the non-existence of any material issues of fact and that there is possible evidence from which a jury might find for the plaintiff if this evidence is proven and credible.
It should be noted that the decision of the trial judge was made prior to the opinions of Russell, Holl and Visingardi, supra.
Accordingly, we concur with the view of the trial judge that there was no issue made by the pleadings of any liability on the part of the hospital for a breach of implied warranty. See Rule 1.36(d), Florida Rules of Civil Procedure, 30 F.S.A.
We reverse and remand, for further proceedings consistent herewith, on the issues of negligence against both the hospital and the blood bank, as well as on the issue of a breach of an implied warranty by the commercial blood bank.
It is so ordered.

On Rehearing.
A rehearing having been granted to appellee, North Miami General Hospital, Inc., and the case having been further considered upon the record and briefs and argument of counsel thereon, it is ordered and adjudged by the court that the opinion of this court filed January 31, 1967 in said cause be and the same is hereby reaffirmed and adhered to on rehearing.
NOTES
[1] Exodus, Chapter 14.
[2] Visingardi v. Tirone, Fla. 1966, 193 So.2d 601 (opinion filed November 23, 1966); Holl v. Talcott, Fla. 1966, 191 So.2d 40.
[3] Lawyer's Medical Cyclopedia, Supplementary Service for Volume 3, § 24.31. Dunn, Blood Transfusions and Serum Hepatitis, 15 Clev.Mar.L.Rev. 497 (1966).
[4] See Visingardi v. Tirone, supra; Holl v. Talcott, supra.