257 So.2d 51 (1972)
MERCY HOSPITAL, INC., D/B/a Mercy Hospital Blood Bank, Appellant,
v.
Carlos BENITEZ, Individually and As Husband of Flora Benitez, et al., Appellees.
No. 71-702.
District Court of Appeal of Florida, Third District.
January 18, 1972.
Rehearing Denied February 9, 1972.
*52 Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Roy S. Wood, Jr., Miami, for appellant.
Milton Kelner, Miami, for appellees.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
The appellant Mercy Hospital, Inc., d/b/a Mercy Hospital Blood Bank, appeals from an adverse judgment. The appellant was one of two defendants below. By their action the plaintiffs sought and obtained recovery against the appellant-defendant for breach of warranty of fitness of blood supplied by said defendant which when used in a transfusion allegedly resulted in injury to the plaintiff Flora Benitez.
The plaintiffs' claim was not affected by a subsequently enacted statute removing that basis of liability of suppliers of blood for transfusion, with a certain exemption not pertinent here. Ch. 69-157 (§ 672.316 (5) Fla. Stat., F.S.A.).
It was disclosed in the evidence that in administering blood transfusions the defendant hospital used blood from two sources, from outside blood banks and from its own blood bank which it had created by receiving blood from donors. It appeared without dispute that the blood used in the transfusion in this instance came from the blood bank created and maintained by the defendant hospital. For that reason the liability of the hospital in this case was similar to that which would be applied to an operator of a blood bank, for a warranty of fitness thereof upon sale of the blood.
The transaction relating to the (hospital blood bank) blood in this instance was a sale and not a service. See Community Blood Bank, Inc. v. Russell, Fla. 1967, 196 So.2d 115.
Affirmed.