307 So.2d 199 (1975)
Faye WILLIAMSON, Appellant,
v.
MEMORIAL HOSPITAL OF BAY COUNTY et al., Appellees.
No. U-170.
District Court of Appeal of Florida, First District.
January 30, 1975.
*200 Robert B. Staats, Panama City, for plaintiff.
Lynn C. Higby, of Isler, Higby & Brown, Rowlett W. Bryant, of Sale, Bryant & Thompson, Panama City, for defendants.
SPECTOR, Judge.
We have this matter before us on a question certified by the trial court pursuant to Rule 4.6, Florida Appellate Rules. The question of law certified upon the petition of appellant, plaintiff below, reads as follows:
"MAY A PLAINTIFF MAINTAIN AN ACTION, ON THE THEORY OF IMPLIED WARRANTY, AGAINST THE HOSPITAL AND PHYSICIANS, WHO SOLD AND ADMINISTERED BLOOD TO HER, WHICH BLOOD THE PLAINTIFF ALLEGES CAUSED THE PLAINTIFF TO CONTRACT, OR BE INFECTED WITH SERUM HEPATITIS?"
The appellant contends that the answer should be in the affirmative, while appellees opt for the negative.
The liability of a supplier of blood for medical transfusion has been considered by Florida courts in a number of reported decisions. In Russell v. Community Blood Bank, Inc., 185 So.2d 749 (Fla.App. 1966), the court held that a blood bank which supplies blood for medical purposes is liable for breach of implied warranty of fitness and merchantability. On conflict certiorari, the Supreme Court at 196 So.2d 115 sustained that holding but reversed on other grounds relating to the premature determination of other questions of law. While the Supreme Court held that a blood bank was liable under the doctrine of implied warranty, it did not disturb the court of appeals holding that a hospital is not subject to liability on that ground. The non-liability of a hospital on breach of implied warranty was upheld by the Third District Court of Appeal in Hoder v. Sayet, 196 So.2d 205 (Fla.App. 1967), wherein a plaintiff sought damages allegedly resulting from a blood transfusion in an action against a hospital and a commercial blood bank. Thus, Russell and Hoder, supra, both stood for the proposition that while a blood bank could be held for breach of implied warranty, a hospital could not be so held. In Mercy Hospital, Inc. d/b/a Mercy Hospital Blood Bank v. Benitez, 257 So.2d 51 (Fla.App. 1972), the court analogized a blood bank established by a hospital with a commercial blood bank and held that it was liable under the implied warranty doctrine. Holding that the transaction was a sale and not a service, the court in Benitez observed that the transaction giving rise to the claim occurred prior to the enactment of Chapter 69-157, now Section 672.316(5), Florida Statutes.
*201 Said statutory provision reads as follows:
"The procurement, processing, storage, distribution, or use of whole blood, plasma, blood products, and blood derivatives for the purpose of injecting or transfusing the same, or any of them, into the human body for any purpose whatsoever is declared to be the rendering of a service by any person participating therein and does not constitute a sale, whether or not any consideration is given therefor, and the implied warranties of merchantability and fitness for a particular purpose shall not be applicable as to a defect that cannot be detected or removed by reasonable use of scientific procedures or techniques."
The blood transfusion which gave rise to this action occurred after the enactment of the cited statute, so its provisions apply. By operation of the statute, the provision of blood is made a service and not a sale. The statute further states that the implied warranty of merchantability and fitness is not applicable as to a reasonably unremovable or undetectable defect. The implication of the statute, of course, is that if the defect is detectable or removable through the reasonable use of scientific procedures or techniques, then upon such a showing a plaintiff may recover.
Much argumentation has been submitted to this court on whether the provision or use of blood for a medical transfusion is a sale or a service. The two words, sale or service, provide lawyers and courts with convenient labels by the use of which we can determine what legal concepts or doctrines are to be applied in arriving at the real question that concerns us. If it is a service, reliance cannot be placed on the doctrine of implied warranty of fitness or merchantability; negligence must be proved. On the other hand, if it is a sale, breach of implied warranty applies. The latter doctrine in essence is liability without fault  strict liability, as it were. Rostocki v. Southwest Florida Blood Bank, 276 So.2d 475 (Fla. 1973), and the Russell case, supra.
While implied warranty and its attendant strict liability consequence were held to be the basis of liability in blood transfusion cases before the enactment of Chapter 69-157, Laws of Florida, 1969, such is no longer the case. Rostocki, supra. By that enactment, the legislature altered the circumstances under which recovery could be had by providing recovery only if the defect in the blood can be detected or removed by the use of reasonable scientific procedures. In essence, the legislature has created a hybrid form of implied warranty and by invoking what courts refer to as its infinite legislative wisdom, that body has made a legal concept ordinarily cognizable in the law of sales now applicable to the law of negligence.
When viewed from another perspective, it can be said that the statute now engrafts into the law as it relates to the negligent rendition of a given specie of service a concept heretofore cognizable in the field of sales, to wit, breach of implied warranty of fitness and merchantability if the breach is accompanied by the failure to exercise reasonable care in detecting or removing a defect in the blood by the use of reasonable scientific procedures or techniques.
Accordingly, we hold that the application of Section 672.316(5), Florida Statutes, provides that a plaintiff may maintain an action for damages on the ground of breach of implied warranty of fitness or merchantability only if he alleges and proves that the defect of which he complains is detectable or removable by the use of reasonable scientific procedures or techniques. As applied to blood transfusions, the statute establishes what may be termed a hybrid implied warranty of fitness which departs from the concept of strict liability or liability without fault ordinarily ascribed to such warranty and instead establishes a criteria for recovery which is ordinarily understood by lawyers and judges to be cognizable in negligence.
*202 Whether sounding in breach of implied warranty or negligence, it is clear that the legislature intended that those persons involved in the provision, administration and use of blood for medical transfusions can be held responsible only upon a showing by the plaintiff that he comes within the criteria of detectability or removability established by the statute.
The foregoing opinion was prepared by Judge Spector while he was an active member of this Court, and it is hereby adopted as the opinion and judgment of the Court.
RAWLS, C.J., and BOYER and McCORD, JJ., concur.