345 So.2d 852 (1977)
Thornton LEWIS, Individually and As Father and Next Friend of Jeffrey Lewis, a Minor, Appellant,
v.
ASSOCIATED MEDICAL INSTITUTIONS, INC., d/b/a Hialeah Hospital, a Florida Corporation, Appellee.
No. 76-1061.
District Court of Appeal of Florida, Third District.
May 10, 1977.
*853 Marlow, Mitzel, Ortmayer & Shofi, Greene & Cooper, Miami, for appellant.
Thornton, Dougherty & Conroy, Sam Daniels, Miami, for appellee.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
PEARSON, Judge.
The appellant sued for personal injuries claimed to have been incurred by his minor son, who contracted serum hepatitis after having been furnished blood by the defendant hospital. The blood was furnished on dates between May 22, 1969, and June 23, 1969. The depositions on file establish without controversy that the parents of the minor discovered that he had contracted serum hepatitis on August 24, 1969. Suit was filed on June 27, 1973, more than three years from discovery.
Section 672.2-316(5), Florida Statutes (1973), which became effective June 24, 1969, provided:
"(5) The procurement, processing, storage, distribution, or use of whole blood, plasma, blood products, and blood derivatives for the purpose of injecting or transfusing the same, or any of them, into the human body for any purpose whatsoever is declared to be the rendering of a service by any person participating therein and does not constitute a sale, whether or not any consideration is given therefor and the implied warranties of merchantability and fitness for a particular purpose shall not be applicable as to a defect that cannot be detected or removed by reasonable use of scientific procedures or techniques."
The trial judge entered a summary final judgment for the hospital. On this appeal, two reasons for the trial court's determination that the hospital was entitled to a judgment as a matter of law are presented by the hospital and argued by the plaintiff. The first is that the trial judge erroneously applied the three year statute of limitations, Section 95.11(5)(e), Florida Statutes (1973), rather than the four year provision of the statute of limitations, Section 95.11(4), Florida Statutes (1973). The second is that the action is barred by Section 672.2-316(5), above quoted. Inasmuch as we hold that the trial court correctly held that the action is barred by the above statute, we do not discuss the statute of limitations point.
The Supreme Court of Florida determined in Rostocki v. Southwest Florida Blood Bank, Inc., 276 So.2d 475 (Fla. 1973), that the material date in determining the applicability of the above-quoted section, which is relied upon by the hospital, is the time the "cause of action arose." Plaintiff's argument that the proper date for the applicability of the statute should be the time of the commission of the tortious act, see Williamson v. Memorial Hospital of Bay County, 307 So.2d 199 (Fla. 1st DCA 1975); and Mercy Hospital, Inc. v. Benitez, 257 So.2d 51 (Fla. 3d DCA 1972), is, therefore, *854 without effect. In the recent case of AB CTC v. Morejon, 324 So.2d 625 (Fla. 1975), the Supreme Court of Florida held that a cause of action does not accrue until the breach of warranty in the form of a defective product is, or should be, discovered.
Affirmed.