582 So.2d 54 (1991)
Kandra Kae Crosby SICURANZA, Appellant,
v.
NORTHWEST FLORIDA BLOOD CENTER, INC., Appellee.
No. 90-3130.
District Court of Appeal of Florida, First District.
June 13, 1991.
Rehearing Denied July 11, 1991.
Everett P. Anderson, Tallahassee, for appellant.
Robert P. Gaines of Beggs & Lane, Pensacola, for appellee.
SMITH, Judge.
Appellant, plaintiff below, seeks reversal of a summary judgment in a negligence action against the appellee-defendant blood bank for supplying HIV-positive blood. We reverse.
Appellant filed an amended four-count complaint seeking damages caused by the transfusion of blood supplied by the appellee containing the human immunodeficiency virus (HIV). Three of the four counts sought recovery on warranty theories; the other, count I, alleged negligence. The trial court granted summary judgment in favor of the appellee based on section 672.316(5), Florida Statutes. The trial court's reasoning is explained in the final summary judgment as follows:
[T]he court concludes that there are disputed issues of fact as to whether the screening procedures utilized by defendant met the standards of care applicable to blood banks at the time of the events alleged by plaintiff to have injured her. Therefore, if screening procedures are "scientific procedures or techniques" for the detection of the human immunodeficiency virus as contemplated by Section 672.316(5), Florida Statutes, the court would deny the motion for summary judgment. However, a review of the case law and the deposition testimony leads the court to conclude that it was not the legislative intent to include screening procedures in the definition of scientific procedures or techniques in the statute. The court further finds that at the time of the blood donation in issue in this case there were no scientific procedures *55 or techniques that would detect the human immunodeficiency virus in blood donations and that based upon Williamson v. Memorial Hospital of Bay County, 307 So.2d 199 (Fla. 1st DCA 1975), the court finds that the defendant cannot be held responsible for its failure to detect the presence of the human immunodeficiency virus in a blood donation....
(Emphasis supplied.)
Appellant takes issue with the summary judgment only as it relates to the negligence count.
Section 672.316(5) provides as follows:
The procurement, processing, storage, distribution, or use of whole blood, plasma, blood products, and blood derivatives, for the purpose of injecting or transfusing the same, or any of them, into the human body for any purpose whatsoever is declared to be the rendering of a service by any person participating therein, and does not constitute a sale whether or not any consideration is given therefor; and the implied warranties of merchantability and fitness for a particular purpose shall not be applicable as to a defect that cannot be detected or removed by reasonable use of scientific procedures or techniques.
The statute does not, on its face, apply to tort actions such as negligence. Instead, by its own terms, it provides only that "implied warranties ... shall not be applicable as to a defect that cannot be detected or removed... ." Nevertheless, the appellee argues on appeal, as it did below, that under this court's decision in Williamson v. Memorial Hospital of Bay County, 307 So.2d 199 (Fla. 1st DCA 1975), the statute is also applicable to negligence actions. We disagree.
In Williamson, this court was asked to answer the certified question of whether a plaintiff may maintain an action on a theory of implied warranty against the hospital and physicians who administered blood contaminated with serum hepatitis. In answering this question, this court observed that prior to the enactment of section 672.316(5), a blood bank could be held for breach of an implied warranty but a hospital could not.[1] However, by virtue of section 672.316(5), a cause of action for breach of implied warranty against a blood bank could no longer be asserted in its traditional form. Instead, observed this court, a "hybrid form of implied warranty" was created which allowed recovery for "breach of implied warranty of fitness and merchantability if the breach is accompanied by the failure to exercise reasonable care in detecting or removing a defect in the blood by use of reasonable scientific procedures or techniques." Id. at 201 (emphasis in original). This court observed that given the imposed condition that a defect must be detectable or removable by reasonable scientific procedures or techniques, the statute establishes a "hybrid implied warranty of fitness which departs from the concept of strict liability or liability without fault ordinarily ascribed to such warranty and instead establishes a criteria for recovery which is ordinarily understood by lawyers and judges to be cognizable in negligence." Id. This court then concluded by adding:
Whether sounding in breach of implied warranty or negligence, it is clear that the legislature intended that those persons involved in the provision, administration and use of blood for medical transfusions can be held responsible only upon a showing by the plaintiff that he comes within the criteria of detectability or removability established by the statute.
Id. at 202 (emphasis added). The appellee argues that we must read the inclusion of the phrase "or negligence," in the sentence quoted above, as extending the prerequisite of detectability or removability to negligence actions. Such an interpretation would not only be contrary to the plain meaning of the statute, as already noted, but would also be out-of-step with the body of the Williamson opinion preceding the sentence at issue. We concede that the use of the phrase "or negligence" in the sentence above creates some ambiguity as to *56 the meaning of this particular passage, but the opinion, when read in its entirety, properly construes section 672.316(5) as pertaining only to allegations of breach of implied warranties of fitness and merchantability.
As the trial court observed in its final order, there are disputed issues of fact as to whether the screening procedures utilized by the appellee met the standard of care applicable to the blood banks at the time the tainted blood was drawn and administered to the appellant.[2] Because issues of material fact remain, and because we find that the trial court was incorrect in its assumption that a plaintiff alleging negligence would have to prove, under section 672.316(5), that a defect was detectable or removable by reasonable scientific procedures or techniques, summary judgment was improperly rendered. Accordingly, we reverse and remand for further proceedings on count I of the second amended complaint.
REVERSED and REMANDED.
WIGGINTON, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] Russell v. Community Blood Bank, Inc., 185 So.2d 749 (Fla. 2d DCA 1966); Hoder v. Sayet, 196 So.2d 205 (Fla. 3d DCA 1967).
[2] Evidence found in the record indicates the blood in question was drawn in December 1986. The appellant was transfused with this blood on January 2, 1987, following childbirth.