951 So.2d 24 (2007)
Caryll C. BARRETT, Appellant,
v.
Vansana H. BARRETT, Appellee.
No. 5D05-2520.
District Court of Appeal of Florida, Fifth District.
February 9, 2007.
Rehearing Denied March 21, 2007.
Sharon Lee Stedman, Orlando, for Appellant.
Marcia K. Lippincott, of Marcia K. Lippincott, P.A., Lake Mary, for Appellee.
PLEUS, C.J.
We affirm Judge Sprinkel's very thorough and well-supported final judgment. Normally, we would issue a per curiam affirmance, but in this case we need to address two items for the education of appellate counsel. Before we do that, appellant's counsel is reminded that this court functions to correct errors. We do not reweigh evidence.
In the list of issues in his brief, the husband claims the trial court erred in ordering the husband to pay a portion of a debt owed to the wife's brother. However, in the body of the husband's brief, the husband makes no mention of this claimed error. In his reply brief, the husband acknowledges that he failed to address this issue in the argument. Accordingly, he waived this argument. See Raskin v. Cmty. Blood Ctrs. of S. Fla., Inc., 699 So.2d 1014, 1016-17 (Fla. 4th DCA 1997). Why bring it up in the first place?
Secondly, the husband filed an untimely motion for attorney's fees. Rule 9.400(b) requires the motion to be served "not later than the time of service of the reply brief. . . ." The time for filing a reply brief was extended to June 20, 2006. On June 29, 2006, he filed a motion for attorney's fees and a separate motion to accept his reply brief as being filed on June 29, 2006. This court granted the motion to accept the reply brief, but the motion was silent as to the motion for attorney's fees. Thus, the motion for attorney's fees was untimely. If a motion for attorney's fees is untimely, why file it?
AFFIRMED.
SAWAYA and MONACO, JJ., concur.