GRIFFIN, J.
 

 Appellant, Gregory L. Porras [“Por-ras”],
 
 pro se,
 
 appeals an order allowing his former wife to relocate with their children to Michigan. The appealed order recites that the parties were divorced in 2007 and that the former wife filed her notice of intent to relocate with the children on or about February 5, 2009. According to the appealed order, a certified copy of the notice of intent to relocate with the children was served on Porras on February 10, 2009, and no objection was filed.
 
 [1]
 
 Accordingly, as required by section 61.13001(3)(d), Florida Statutes (2009), the trial court entered the order allowing the relocation, established a post-relocation schedule of visitation and transportation scheme and, finally, reserved jurisdiction to modify or enforce the order.
 

 
 *1190
 
 Upon examination of the appealed order, we issued an order directing Porras to show cause, why we should not summarily affirm the appeal because, after having been served with the notice of intent to relocate with the children, Porras offered no objection as required by section 61.13001, Florida Statutes (2009).
 

 In response to our order to show cause, Porras filed a response that is detailed and articulate. He explains that in February 2009, being aware that his ex-wife was talking about moving to Michigan with the children, he consulted with an attorney in DeLand, seeldng representation to keep his children in Florida. He was told that a $500 deposit was required in order for the attorney to represent him. He claims that he was served with notice of the intent to relocate on March 13, 2009. He has provided a copy of the envelope showing that the post office had attempted to deliver the letter on three prior occasions: February 11, February 25 and March 3, 2009. Upon receipt of the notice, on March 13, 2009, he prepared a detailed letter to the attorney with whom he had consulted, and his girlfriend took the letter and the required $500 deposit to the attorney’s office on March 16, 2009. He claims that he contacted the attorney’s office on several occasions beginning on March 18, but was unsuccessful in speaking to the lawyer. Then, on April 11, 2009, he received a copy of the appealed order allowing his former wife to take the children to Michigan. Upon receipt of the order, he insistently demanded that counsel return his telephone call, which counsel did on April 13, 2009. He contends that counsel told him that he had not been given the papers in time to take action and that he had been too busy with other clients to return his call. The attorney asked if he wished him to “file an appeal” and Porras told him “no.” The attorney offered to return the $500 fee, which was promptly done. Thereafter, Porras, acting
 
 pro se,
 
 filed an appeal in this court, seeking review of the trial court’s order.
 

 The problem with Porras’ appeal is that there is no record basis to conclude that the trial court erred. Importantly, the trial court was correct in concluding that there had been no objection filed by Por-ras in response to the notice of intent to relocate, which is required under the statute. Based on his own explanation of events, it appears that his failure to lodge an objection resulted from a combination of his own delay in retaining counsel and counsel’s subsequent failure to take action or communicate with Porras during the approximately two weeks prior to the court’s entry of the order on March 31, 2009.
 

 Assuming Porras’ recitation of the facts is accurate and that he was not served with the notice of intent until March 13, the trial court’s assumption that Porras had been served on February 10 was erroneous. However, if this finding by the trial court was erroneous, then it should have been promptly brought to the trial court’s attention so that the error could have been corrected or, at least, so that evidence could be placed in the record to show that the service date was March 13, not February 10, and that the order entered on the notice of intent was premature. Because this was not done, we have no record basis to determine when, in fact, Porras was served. The puipose of an appellate court is to
 
 correct
 
 errors of the trial court and, on this record, no error has been demonstrated.
 
 [2]
 
 If Porras is to obtain
 
 *1191
 
 relief, it will have to be from the trial court.
 

 AFFIRMED.
 

 MONACO, C.J. and EVANDER, J., concur.
 

 [1]
 

 . Our review of the record shows that the notice of intent and certificate of service were both filed on February 10, 2009. The certificate of service shows that service was to be by certified mail, restricted delivery, return receipt, but does not contain a date of service in the blank provided on the form. Nothing in the file shows the date Porras actually received the notice.
 

 [2]
 

 . Porras has also included in his response a substantial narrative about his former wife's legal problems, the children’s difficulties in Michigan and his own difficulties in being able to communicate with his children. None of this information is relevant to this appeal.
 
 *1191
 
 We note, however, that the trial court reserved jurisdiction in the appealed order to make modifications and such facts, if established, may or may not impel the trial judge to hear Porras on an application for modification of the appealed order, or custody.