PER CURIAM.
The State of Florida appeals the trial court’s pre-trial order denying its Motion to Reconsider Appellate Ruling. Because the order is not one of the authorized appeals under Florida Rule of Appellate Procedure 9.140(c)(1), we exercise our authority to treat the State’s notice of appeal and briefs as being a petition for a writ of certiorari. See Fla. R. App. P. 9.040(c) (providing that, if a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought). Furthermore, concluding that the State has failed to sustain its burden of proving that the trial court departed from the essential requirements of law in denying the State’s motion, we deny the petition.
As for the issue of jurisdiction, the State filed, with the trial court, a Motion to Reconsider Appellate Ruling in which the State challenged this court’s previous ruling suppressing Amber Wright’s third statement made to police and remanding for a new trial. See Wright v. State, 161 So.3d 442 (Fla. 5th DCA 2014). The trial court denied the motion, and this appeal followed. The State cited rule 9.140(c)(1)(B) of the Florida Rules of Ap *983 pellate Procedure to support its claim for appellate jurisdiction. The rule provides that the State can appeal an order “suppressing before trial confessions, admissions, or evidence obtained by search and seizure.” See Fla. R. App. P. 9.140(c)(1)(B). However, the order on appeal did not suppress Wright’s statement or have the effect of suppressing her statement; our court had already suppressed Wright’s third statement and remanded this case for a new trial, with the mandate that Wright’s retrial would proceed without admitting into evidence Wright’s third statement to the police. As such, appellate jurisdiction is not available under rule 9.140(c). Accordingly, pursuant to rule 9.040(c) of the Florida Rules of Appellate Procedure, we deem the State’s notice of appeal and briefs as being a Petition for Writ of Certiorari. See A.P. v. Dep’t of Children & Families, 957 So.2d 686, 688 (Fla. 5th DCA 2007) (re-fashioning a direct appeal of a non-final, non-appealable order of the circuit court into a petition for writ of certiorari).
To obtain certiorari relief, a party must demonstrate, inter alia, that the trial court’s order departs from the essential requirements of law. Demings v. Brendmoen, 158 So.3d 622 (Fla. 5th DCA 2014). Here, in denying the State’s motion, the trial court complied with the mandate of this court. Notably, the State never raised a claim of trial court error in its initial brief; instead, the State’s sole argument was that this court erred in Wright and, as a result, this court should remand for a new trial allowing the State to introduce Wright’s third statement. In so fashioning its argument, the State is attempting to use this proceeding as a second attempt to receive a rehearing of our prior opinion.
The primary function of the appellate court is to correct errors committed by the trial court. See Correa v. U.S. Bank N.A., 118 So.3d 952 (Fla. 2d DCA 2013); Morton’s of Chicago, Inc. v. Lira, 48 So.3d 76 (Fla. 1st DCA 2010); Porras v. Porras, 29 So.3d 1189 (Fla. 5th DCA 2010); Bardol v. Martin, 763 So.2d 1119 (Fla. 4th DCA 1999); see also Barrett v. Barrett, 951 So.2d 24 (Fla. 5th DCA 2007) (holding that the appellant’s claim of trial court error was waived because he failed to argue the error in the body of his initial brief).
Accordingly, we deny the State’s petition.
PETITION DENIED.
PALMER, WALLIS and EDWARDS, JJ., concur.